**UTAH–IDAHO SUGAR COMPANY, a Utah corporation, Petitioner,**

v.

**The Honorable Willis W. RITTER, Chief Judge of the United States District Court For the District of Utah, Respondent.**

**No. 71–1686.**

United States Court of Appeals, Tenth Circuit.

June 5, 1972.

Rehearing Denied July 11, 1972.

William T. Thurman, and Wilford M. Burton, of McKay, Burton, McMurray & Thurman, Salt Lake. City, Utah, and Francis R. Kirkham, William E. Mussman and Charles A. Storke, of Pillsbury, Madison & Sutro, San Francisco, Cal., for petitioner.

William J. Lockhart, Salt Lake City, Utah, for respondent.

Before SETH, HOLLOWAY, McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

The petitioner seeks mandamus and prohibition against the Honorable Willis W. Ritter, Chief Judge for the United States District Court for the District of Utah in respect to the assignment of its case to himself. It had previously been assigned to Judge Sherman A. Christensen prior to Judge Christensen's taking senior status. The original assignment to Judge Christensen had been pursuant to an order of the Judicial Council of the Tenth Circuit assigning cases to the judges of the District of Utah, which system had been in operation since 1958. Judge Christensen's successor was qualified the very day that Judge Christensen took senior status.

The contention of petitioner is that inasmuch as Judge Christensen had expended substantial time and effort in preparing this cause for trial, it should continue with him. We hold, however, that although petitioner is entitled to the extraordinary relief requested, the cause must be assigned to Judge Anderson, and this is by reason of the Circuit Council's order entered in December 1971.

This controversy had its beginning prior to January 20, 1958. On that date, due to disagreement among the

judges, the Tenth Circuit Council entered its order promulgating rules for the District Court for the District of Utah relative to the division of business and the assignment of cases. There was a specific finding that the judges of the District of Utah, Chief Judge Ritter and Judge Christensen, were unable to agree on assignments, necessitating intervention of the Judicial Council pursuant to 28 U.S.C. § 137, which provides that if the district judges in any district are unable to agree on the adoption of rules or assignments of cases and division of business, the Judicial Council shall make the necessary orders. In substance, these imposed rules required an equal and random division of civil cases and prescribed a system which balanced and apportioned the criminal, bankruptcy, immigration and naturalization cases. The rules so promulgated were subject to modification by an order signed by both active judges, and a slight change was brought about through this procedure on May 3, 1962.[1]

The above order of the Judicial Council did not explicitly deal with the present situation, that is, the division of cases following one of the judges taking senior status. The occurrence which brought this matter to a head was Judge Christensen's taking senior status on August 17, 1971. On the same day Judge Aldon J. Anderson qualified as Judge Christensen's successor.

On October 4, 1971, Chief Judge Ritter unilaterally issued an order promulgating a new set of rules for the assignment of cases. In this order Chief Judge Ritter held that the previous order of the Tenth Circuit Council was no longer in force and effect and that it was therefore necessary to promulgate a new set of rules. Chief Judge Ritter's rules were not unlike those which had previously been promulgated by the Judicial Council, but he also undertook to assign the cases which had been previously assigned through the 1958 Council order to Judge Christensen. A number of these cases were assigned by Chief Judge Ritter to himself. Included was the present one, that is, No. C–11–71, Albertson's, Inc., et al. v. Amalgamated Sugar Company, et al. It is important to note that by agreement a few of these cases have subsequently been assigned back to Judge Christensen for completion and a large number have been assigned to Judge Anderson. However, the above mentioned case and one other have been and continue to be held by Chief Judge Ritter. Moreover, Chief Judge Ritter insists that he is now empowered to make assignments as he chooses.

By its order dated December 20, 1971, the Tenth Circuit Judicial Council, pursuant to 28 U.S.C. §§ 137 and 332, declared that its January 20, 1958 order was to be reaffirmed and continued in effect and directed that the cases which had been assigned to Judge Christensen were to be assigned to Judge Anderson. It was further directed that Chief Judge Ritter vacate his orders of October 4, 1971 and November 24, 1971, purporting to assign to himself cases which had been pending in the court of Judge Christensen. It was further ordered that Chief Judge Ritter vacate his several orders unilaterally entered with respect to cases assigned to Judge Anderson unless the latter agreed to the assignment.

The present mandamus action was filed on November 11, 1971, and thus some of the above mentioned orders were entered subsequent thereto. It is

---

1. The 1962 amendment to the Judicial Council order assigned all civil cases filed in the Northern Division of Utah to the judge handling the criminal calendar in that particular year. A 1965 order of the Judicial Council further modified the 1958 and 1962 orders by assigning all criminal proceedings in the Central District to the Chief Judge and all proceedings of whatever nature in the Northern Division to the Associate Judge. These modifications did not affect the assignment of civil cases in the Central Division; each judge continued to obtain cases through the system in effect through the 1958 order. The instant suit was filed in the Central Division and duly assigned to Judge Christensen.

important to note that the Circuit Council, before acting on December 20, 1971, inquired as to whether there was agreement between the judges of the District of Utah, and Judge Anderson replied that the judges were not able to agree. It is also noteworthy that Judge Anderson did not subscribe to any of the orders promulgated by Chief Judge Ritter and did not participate in the calendar calls which were had pursuant to those orders.

Chief Judge Ritter's position here is that the Judicial Council's order 1) ceased to be effective when Judge Christensen took senior status, and in any event 2) did not cover this contingency and that therefore he, as Chief Judge, had the authority under 28 U.S.C. § 137 to reassign Judge Christensen's cases as he saw fit. This paragraph provides:

> The chief judge of the district court shall be responsible for the observance of such rules and orders, and *shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.* (Emphasis added.)

The above provision does give the chief judge responsibility so long as the rules and orders do not otherwise prescribe, and this is, as we view it, the stumbling block. The judges have not been in agreement since the retirement of Judge Christensen and the Council order has not been revoked.

■■ Furthermore, under the terms of 28 U.S.C. § 137,[2] it is unquestioned that the division of the court's business in a multi-judge district is the responsibility of the judges and not the responsibility of the chief judge acting unilaterally. The latter's duty is to insure that the agreed upon rules are enforced and are administered so as to carry out their purposes, but it is not his duty to promulgate rules without the approval of his fellow judges, and when he does so over the objection of his colleagues the Council must act in order to protect the independence and integrity of each judge in the district; the Council is under this condition authorized to prescribe the rules of the court in those instances when the judges cannot agree. The Council also has broad powers under 28 U.S.C. § 332 [3] in seeing that the district court's business is conducted effectively, expeditiously and in a manner that inspires public confidence.

■ Whether the rules are prescribed by the district judges or are prescribed by the Judicial Council, the rules are applicable and effective until modified or rescinded, and these rules continue to govern even when there is a change of personnel until a new set of rules is agreed upon or the old ones are withdrawn. This is in order that there will be continuity and so that the chief judge cannot assume to himself this power, at least until such time as it clearly appears that he is acting with the full concurrence of the remaining judge or judges in the district.

■ When Chief Judge Ritter entered his orders the Judicial Council's order was still in effect. Even though there exists interim discretion in the chief judge to act for the good of the

2. § 137. Division of business among district judges

The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.

The chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.

If the district judges in any district are unable to agree upon the adoption of rules or orders for that purpose the judicial council of the circuit shall make the necessary orders.

3. This section provides in pertinent part: Each judicial council shall make all necessary orders for the effective and expeditious administration of the business of the courts within its circuit. The district judges shall promptly carry into effect all orders of the judicial council.

court in exceptional circumstances, no such discretion existed here because there were rules in effect. If the Judicial Council's rules were to be withdrawn it was for the Council to do it, it was not for Chief Judge Ritter to promulgate such an order unilaterally and thereby impair the independence of Judge Anderson.

It is very clear that there was disagreement between the judges of the district as to the assignment of Judge Christensen's cases and thus the necessity for continuation of the Judicial Council's rule was essential. It was therefore entirely proper for the Judicial Council to declare Chief Judge Ritter's order void in aid of its (the Council's) jurisdiction. His act of choosing which cases to keep and which to assign to Judge Anderson did not comply with the Council's mandate that the assignment of civil cases be equal and random, subject only to modification by written agreement of the active judges. In sum then the Judicial Council was justified, first, by reason of the fact that Chief Judge Ritter acted unilaterally and not in conjunction with Judge Anderson, and, secondly, because there was continued disagreement between the judges of the district. We find and conclude that this writ of mandamus is essential to continuation of fair division of cases within the District of Utah and in implementation of the prior orders of the Judicial Council.

 Chief Judge Ritter has requested that all of the judges of the United States Court of Appeals for the Tenth Circuit withdraw from the decision in this case on the basis that they have an interest in the outcome. This contention must be rejected and this request denied. To accede to this request would amount to surrendering the duties of the individual judges as members of the Judicial Council and as judges of this court. As members of the Judicial Council there is a duty to govern, and certainly the statutes, 28 U.S.C. § 137, 28 U.S.C. § 332 and 28 U.S.C. § 455, do not contemplate that the judges when acting in a particular case in which the Council's orders are questioned must disqualify themselves. Such a ruling would render the Council's activity in pursuance of its responsibility wholly ineffective. See Chandler v. Judicial Council of Tenth Circuit of U. S., 398 U.S. 74, 123–129, 90 S.Ct. 1648, 1674–1677, 26 L.Ed.2d 100 (1970) (concurring opinion of Justice Harlan).

The petition is granted and the peremptory writ is made absolute. Chief Judge Ritter is ordered to forthwith transfer this case, which is the Utah District Court's No. C–11–71, Albertson's, Inc., et al. v. Amalgamated Sugar Company et al., to Judge Aldon J. Anderson as the successor to Judge Christensen.

LEWIS, C. J., not participating, having voluntarily disqualified himself.

HILL, J., not participating.